IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MIGUEL CASTILLO-FORNARIS,
    Petitioner,

        v.                              Civil No. 3:19cv862 (DJN)

JEFFREY CRAWFORD, *et al.*,
    Respondents.

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* petition of Miguel Castillo-Fornaris

("Petitioner"), a former alien detainee, pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," (ECF

No. 1)).  In his § 2241 Petition, Petitioner seeks release from the custody of the United States

Immigration and Customs Enforcement ("ICE"), asserting that his "[c]ontinued detention is

unreasonable and is not authorized," and violates his Fifth Amendment due process rights[1] and

his Fourteenth Amendment right to equal protection under the law.[2]  (§ 2241 Pet. 6–7.)

Respondents have moved to dismiss on the grounds that the § 2241 Petition is moot, because

Petitioner is no longer in ICE custody.[3]  (ECF Nos. 4, 5.)  Despite the provision of *Roseboro*

---

[1]     "No person shall be . . . deprived of life, liberty, or property, without due process of law
. . . ." U.S. Const. amend. V.

[2]     "No State shall . . . deny to any person within its jurisdiction the equal protection of the
laws." U.S. Const. amend. XIV, § 1.

[3]     Respondents have styled their pleading as both a motion to dismiss and a motion for
summary judgment pursuant to Federal Rules of Civil Procure 12(b)(6) and 56, respectively.  At
this juncture, the Court addresses only the Rule 12(b)(6) implications of the motion.

notice,[4] Petitioner has not responded within the required time for a response.[5]  For the reasons

stated below, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

**A.    Procedural History**

Petitioner is a native and citizen of Cuba.  (Mem. Supp. Mot. Dismiss Ex. 1 ("Collins

Decl.") ¶ 5, ECF No. 5–1.)  On September 19, 2008, Petitioner received Lawful Permanent

Resident status.  (*Id.* ¶ 6.)  On November 6, 2017, Petitioner was convicted in the United States

District Court for the Western District of Kentucky of aiding and abetting wire fraud and

aggravated identity theft.  (*Id.* ¶ 7.)  On or about July 15, 2019, Petitioner received a Notice to

Appear, charging that the convictions for crimes of moral turpitude rendered him removable

from the United States under the Immigration and Nationality Act.  (*Id.* ¶ 8.)  On August 6, 2019,

Petitioner appeared before an Immigration Judge, at which time he conceded that he was

removable from the United States and requested a final order of removal to Cuba.  (*Id.* ¶ 9.)  The

Immigration Judge ordered Petitioner's removal from the United States that same day.  (*Id.*)  On

November 11, 2019, Petitioner mailed the current § 2241 Petition to this Court.  (§ 2241 Pet. 1,

at 8.)  On January 29, 2020, ICE released Petitioner from its custody.  (Collins Decl. ¶ 10.)

**B.    Analysis**

"A habeas corpus petition is moot when it no longer presents a case or controversy under

Article III, § 2, of the Constitution."  *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)

(citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  No case or controversy exists unless the

petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision."

---

[4]    *See, e.g., Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (holding that *pro se*
litigants must be notified of right or responsibility to respond to dispositive motion before
dismissing case).

[5]    Respondents filed their Motion to Dismiss on February 3, 2020 (ECF No. 4), thereby
requiring a response from Petitioner by February 24, 2020.

*Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  Even if a petitioner challenges the validity of his conviction, he still must demonstrate "collateral consequences" from the conviction to present a case or controversy if he has already been released from custody.  *Spencer*, 523 U.S. at 7.

Here, Petitioner did not challenge the validity of his conviction or the sentence imposed. (§ 2241 Pet. 8.)  Instead, on November 11, 2019, Petitioner challenged his "continued detention," at a time when it appears that ICE actually had him in detention. (§ 2241 Pet. 8.)  Approximately two months later, on January 29, 2020, before the Government's time to respond to his § 2241 Petition had expired (*see* Mem. Order dated December 4, 2019, ECF No. 3, at 1), ICE released Petitioner from its custody (*see* Collins Decl. ¶ 10).  Consequently, Petitioner "is no longer detained by ICE." (*Id.*)

"Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." *Diawara v. Sec'y of DHS*, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010) (citations omitted); *see Sayyah v. Farquharson*, 382 F.3d 20, 22 n.1 (1st Cir. 2004) (noting that alien's release mooted the alien's habeas challenge to continued detention); *Ishola v. Mukasey*, 2008 WL 7697071, at *1 (D. Md. Aug. 12, 2008) (finding that petitioner's § 2241 petition challenging continued detention pending removal was moot because petitioner had been released from ICE custody pursuant to an order of supervision), *aff'd sub nom. Ishola v. Holder*, 326 F. App'x 254 (4th Cir. 2009); *Al-Salahi v. Loiselle*, 2006 WL 2709682, at *2 (E.D. Va. Sept. 19, 2006) (concluding same).  Because ICE no longer has Petitioner in custody, his § 2241 Petition no longer presents a case or controversy that this Court can address.  *See Spencer*, 523 U.S. at 7 (requiring a showing of additional harm once

3

petitioner has been released from custody).  For these reasons, it is hereby ORDERED that

Respondents' Motion to Dismiss (ECF No. 4) be GRANTED, Petitioner's § 2241 Petition (ECF

No. 1) be DISMISSED AS MOOT, and the action be DISMISSED.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to

Petitioner.

/s/

David J. Novak
United States District Judge

Date: July 23, 2020
Richmond, Virginia